UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **BRIGITTE HOLLIE** *Plaintiff*, v. **CLARITY SERVICES, INC.,** *Defendant*. | Case No: 8:24-cv-923 **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, Brigitte Hollie ("Ms. Hollie"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("Clarity" or "Defendant"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Hollie against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, as the FCRA is a federal statute.

3. The Defendant is subject to the jurisdiction of this Court pursuant to § 48.193(1)(a)(1), Fla. Stat., and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida because the acts complained of were committed and/or caused by the Defendant within Hillsborough County, which is in the Middle District.

## PARTIES

### Ms. Hollie

5. Ms. Hollie is a natural person residing in the City of Tampa, Hillsborough County, Florida.

6. Ms. Hollie is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7. Clarity is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

9. Clarity is a *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Reports Regarding Ms. Hollie

10. At some point prior to 2017, Clarity began maintaining a credit file on Ms. Hollie.

11. On or about March 15, 2018, Clarity began reporting a loan balance of $1,940 was owed to "BalanceCredit." **SEE PLAINTIFF'S EXHIBIT A.**

12. BalanceCredit makes small-dollar, short-term, online "payday" loans to consumers at effective interest rates usually exceeding 200% annually through its lending platform at blanacecredit.com.

13. As of March 28, 2024, the BalanceCredit tradeline indicated a "current loan amount" of $1,000, a "current balance" of "$1,940," a "past due" amount of $1,940 and a "next payment" amount of $1,940, and a "date last updated" of September 17, 2018.

14. Thus, as of March 2024, more than five years had passed since any update or change had been made to the BalanceCredit tradeline.

15. On or about August 26, 2019, the account was transferred to another entity, National Credit Adjusters.

16. Around this time, BalanceCredit instructed Clarity to delete the tradeline from Ms. Hollie's credit file.

17. The BalanceCredit tradeline thus should thus report as a $0 balance, with $0 past-due, since BalanceCredit sold the rights to the account in full to an unrelated entity and thus has no legal right or title to be paid *anything*.

18. A notation that the account was transferred to another lender as of August 2019 should also have been reported, if the tradeline was to remain reporting at all.

19. Ms. Hollie's Clarity credit file is far from an isolated incident; many consumer Clarity files have information about loans due weekly or bi-weekly which have not been updated for five or more years.

20. Clarity began reporting Ms. Hollie had an account with Plain Green Loans around April 16, 2018.

21. Plain Green is an online payday lender which makes loans at interest rates exceeding 400% annually through a dubious "rent-a-tribe" lending model, in which a small Native American tribe in Montana serves as the straw owner of the lending enterprise[1].

22. The Plain Green tradeline was last updated August 3, 2018.

23. The Plain Green loan was transferred to another entity in or around 2019.

24. Yet, as of March 2024, Clarity reported the balance owed to Plain Green as $3,015, with $3,015 past-due, and a "next payment amount" of $6,030. **SEE PLAINTIFF'S EXHIBIT B.**

25. The data should have been known to be false by Clarity since, on its face, the information is absurd – a loan with a balance of $3,015 cannot somehow also have a "next payment amount" of $6,030, or *double* the amount of balance owed.

---

[1] *See Gingras v. Think Fin., Inc.*, 922 F.3d 112 (2d Cir. 2019) ("Plain Green is a payday lending entity cleverly designed to skirt federal and state consumer protection laws under the cloak of tribal sovereign immunity.")

26. As of March 2024, Plain Green's information had not been updated for over five years.

27. As the above indicates, Clarity lacks reasonable procedures designed to ensure the maximum possible accuracy of the consumer reports it sells.

28. The overwhelming majority of Clarity's data furnishers are short-term, small-dollar lenders; as such, allowing information to remain non-updated for three years or more virtually guarantees reports will be sold with stale, outdated, and erroneous information.

29. Beyond this, Clarity's systems are programmed to report as much information as possible, with little regard to the quality of the data, or if the data could even possibly be true.

30. For example, Clarity reports a "0" month length of employment history as of August 29, 2021, but also a 42-month length of employment history as of October 5, 2021 – contradictory data that Clarity should be well-aware cannot be true in both instances. **SEE PLAINTIFF'S EXHIBIT C.**

31. Clarity also reported a "net monthly income" of $0.00 for Ms. Hollie as of January 14, 2023, information which is false and defamatory, and claims Ms. Hollie had no source of income whatsoever at the time.

32. Records from Clarity show it sold at least 35 reports regarding Ms. Hollie in the past two years.

33. Each of these reports contained the inaccurate BalanceCredit and Plain Green tradelines, as well as false and preposterous information about Ms. Hollie's employment history, income, and more.

34. Clarity, a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, operates in stark contrast to its parent company.

35. While Experian enforces Metro 2 guidelines – industry standards which contain hundreds of pages of explanation on how to report information, covering almost any conceivable scenario, and which is used by other large CRAs and serves as a *lingua franca* – Clarity requires no such compliance with Metro 2 guidelines and has no discernable quality-assurance standards.

36. Indeed, Clarity frequently reports lengths of employment that exceed one million years, lengths of residential history that exceed one million years, and other information clearly false.

37. The FCRA is clear in its requirement that Clarity, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

38. Clarity was required to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Ms. Hollie.

39. Clarity was thus aware that when it sold reports on Ms. Hollie in the last two years that, under a best-case scenario, it was selling data which was in some cases

more than a half-decade out-of-date and other information it knew it had gathered without regard to accuracy or completeness.

40. As a result of the Defendant's actions, Ms. Hollie has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to her reputation.

41. Ms. Hollie has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

42. Ms. Hollie adopts and incorporates paragraphs 1 – 41 as if fully stated herein.

43. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Ms. Hollie when Clarity sold consumer reports containing out-of-date tradeline information on the BalanceCredit and Plain Green loans, as both should have reflected a $0 balance with $0 past due, if they were reported at all.

44. Clarity has been sued on numerous occasions for very similar situations and knows that it frequently sells reports with out-of-date, false tradeline information.

45. Clarity's conduct was thus willful, or done with a reckless disregard for Ms. Hollie's rights under the FCRA.

46. As a result of its conduct, Clarity is liable to Ms. Hollie pursuant to the FCRA for the greater of Ms. Hollie's actual damages or statutory damages of up to

$1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Hollie respectfully requests this Honorable Court enter judgment against Clarity for:

    a.    The greater of Ms. Hollie's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT II
## NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

47.    Ms. Hollie adopts and incorporates paragraphs 1 – 41 as if fully stated herein.

48.    Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Ms. Hollie Clarity sold consumer reports containing out-of-date tradeline information on the BalanceCredit and Plain Green loans, as both should have reflected a $0 balance with $0 past due, if they were reported at all.

49.    Clarity owed Ms. Hollie a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Ms. Hollie.

50. Clarity breached this duty when it sold consumer reports containing out-of-date tradeline information on the BalanceCredit loan, as it should have reflected a $0 balance with $0 past due, if it was reported at all.

51. Clarity thus acted negligently, and Ms. Hollie is entitled to her actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Hollie respectfully requests this Honorable Court enter judgment against Clarity for:

a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on April 16, 2024, by:

        **SERAPH LEGAL, P.A.**

        */s/ Fethullah Gulen*
        Fethullah Gulen, Esq.
        Florida Bar Number: 1045392
        FGulen@seraphlegal.com
        2124 W Kennedy Blvd, Suite A
        Tampa, FL 33606
        Tel: 813-567-1230
        Fax: 855-500-0705
        *Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

| | |
|---|---|
| A | Ms. Hollie's Clarity Statement, March 28, 2024, Balance Credit Tradeline – Excerpt |
| B | Ms. Hollie's Clarity Statement, March 28, 2024, Plain Green Tradeline – Excerpt |
| C | Ms. Hollie's Clarity Statement, March 28, 2024, Employment Info - Excerpt |